UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE                                    )
                                         )
SHENEKA N. LOVE                          )    No. 09 B 18553
                                         )
          Debtor.                        )

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### ON DEBTOR'S "MOTION TO DISGORGE FEES"

In this Chapter 13 bankruptcy case, the Debtor has moved pursuant to Rule 2017 Fed. R. Bankr. P. to determine whether any payment of fees to Debtor's counsel Legal Helpers Debt Resolution, LLC (formerly known as Legal Helpers P.C.) d/b/a "Macey Bankruptcy Law" ("Legal Helpers or Macey") and its attorneys was improper or should be refunded and disgorged as excessive under authority of 11 U.S.C. § 329(h).

In open court on December 20, 2011, counsel for Movant and for Legal Helpers and its attorneys stated to the Judge on the record that they each waive the right to offer evidence on any matter even if a fact is contradicted by pleadings, and that each also waives the right to offer any further briefing or authority that may be pertinent in this matter. The parties thereby each agreed that ruling shall be considered and judgment based entirely upon the undisputed facts shown by the pleadings, and upon authority heretofore cited.

### UNDISPUTED FACTS

1.      Debtor retained Legal Helpers and one of its attorneys to file her bankruptcy petition. The Debtor was told by attorneys at Legal Helpers that she did not qualify for relief under Chapter 7 of the Bankruptcy Code. She was told that by the Legal Helpers attorney because the attorney did

believe that she was not qualified for Chapter 7 benefits because of her income and benefits. However, over 88% of Debtor's total debts were business debts comprising the note and mortgage on Debtor's real property and apartment building which was not the Debtor's residence. That likely exempted Debtor from means testing under 11 U.S.C. § 707(b), though counsel for Legal Helpers then disagreed with that conclusion. Moreover, despite listing Debtor's occupation as a sergeant in the U.S. Army and submitting her Army pay stubs to the Chapter 13 Trustee, the Legal Helpers attorney did not recognize that she was exempt as an active duty military personnel from means testing under 11 U.S.C. § 707(b)(2)(D).

2. Due to the foregoing, the attorney at Legal Helpers, counseled Debtor into filing a 100% Plan under Bankruptcy Chapter 13 which provided for Debtor to pay $1,200 in monthly payments to the Chapter 13 Trustee (including payments of fees to Legal Helpers and payments to the Chapter 13 Trustee). While the filing was voluntary, it was on advice of an attorney for Legal Helpers. This bankruptcy was filed by Debtor under Chapter 13 on May 22, 2009. Attorneys at Legal Helpers filed an Application for Compensation on June 6, 2009, in the amount of $3,500 for services and $447 in expenses, totaling $3,957. All fees and expenses were approved by order without objection by Debtor.

3. Debtor's Plan was confirmed on July 15, 2009. Attorneys for Legal Helpers filed on December 20, 2010, a motion to modify the confirmed plan by reducing the monthly plan payments. That Motion was continued several times as Debtor needed time to gather funds so as to make a

payment at the new amount. Debtor obtained new counsel who then voluntarily converted the case into one under Chapter 7.

4. Debtor's original counsel in their Response to the pending Motion contend that Debtor was not qualified to be exempt from the means test ". . . because she is not a disabled veteran. Legal minds are allowed to interpret the law in different ways, in this case the Debtor has property in a Chapter 13." (Response at ¶ 9.) Debtor's counsel thereby either disregards or has not yet fully read the plain language of the applicable statutes protecting active duty military personnel:

> (D). . . the court may not dismiss or convert a case based on any forms of means testing -
> (ii) with respect to the debtor, while the debtor is - (I) on, and during the 540-day period beginning immediately after the debtor is released from, a period of active duty (as defined in section 101(d)(1) of title 10) of not less than 90 days . . . . 11 U.S.C. § 707(b)(2)(D).

Section 101(d)(1) of title 10 provides:

> The term "active duty" means full-time duty in the active military service of the United States. Such term includes full-time training duty, annual training duty, and attendance, while in the active military service, at a school designated as a service school by law or by the Secretary of the military department concerned. Such term does not include full-time National Guard duty.

5. Debtor's real property was in foreclosure when her bankruptcy case was filed, but the foreclosure case was withdrawn. Legal Helpers attorneys do not know why it was withdrawn, disclaim responsibility for knowing why because ". . . debtor retained Macey Bankruptcy Law for services only," and apparently did not look into whether its lawyers should help Debtor to enforce the automatic bankruptcy stay under 11 U.S.C. § 362 or obtain protection for this active duty military person from foreclosure under other law protecting service people on duty. Servicemembers Civil

Relief Act. ("SCRA") 50 U.S.C. App. §§ 501–597b. Those attorneys admit (Response ¶ 13) that they did not inquire into status of the foreclosure.

6.   Debtor obtained her discharge in Bankruptcy Chapter 7 on November 9, 2011 (Docket No. 59) with help of new counsel. Despite that result, Macey attorneys still deny that they filed under the wrong Bankruptcy Chapter because ". . . the Debtor's Chapter 13 Plan was confirmed and she made payments for two years." Response ¶14.)

7.   The Debtor paid during her Chapter 13 Plan $1,416 in fees and expenses to Legal Helpers, and another $2,084 to Macey, for a total of $3,500 non-inclusive of expenses. Debtor also paid a total of $7,600 through her Chapter 13 Plan, comprising of $5,092.05 in payments to creditors and $2,597.91 in administrative expenses.

## JURISDICTION AND VENUE

Jurisdiction lies as a core matter under 28 U.S.C. § 157(b)(2)(A) and 1334, and Rule 2017 Fed. R. Bankr. P. Venue lies under 28 U.S.C. §§ 1408 ad 1409.

## DISCUSSION

Debtor requests an order disgorging all of the $3,975 in fees and expenses heretofore allowed and paid to attorneys in Legal Helpers d/b/a "Macy Bankruptcy Law."

Debtor's attorneys object that Debtor agreed to file a Chapter 13 bankruptcy case, obtained the automatic stay protecting her from creditors, and paid the fees and expenses that were allowed without objection. (Response ¶ 22.) They argue that their services gave Debtor benefit and the fees cannot be reviewed now having been allowed and any issue is asserted to be *res judicata*.

Under 11 U.S.C. § 329, fees can be reviewed at any time:

> (b) If . . . compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive . . . .

11 U.S.C. § 329(b).

Rule 2017 of Fed. R. Bankr. P., which governs the examination of debtor's transactions with the debtor's attorney, further provides:

> (b) Payment or Transfer to Attorney After Order for Relief. On motion by the debtor, the United States trustee, or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefor is for services in any way related to the case.

Fed. R. Bankr. P. 2017(b).

No authority was submitted showing that the original order allowing fees constitute *res judicata* barring further review.

Most disturbing, Debtor's original attorneys and Legal Helpers clearly do not even now recognize that they put Debtor into a Chapter 13 case when she qualified for a Chapter 7 discharge. The lawyers of that office not only failed to recognize the rights of an active duty military person in bankruptcy, but they still seem unable or unwilling to look at the applicable statute. Therefore, even now they assert that the military rights apply only to a "disabled veteran," contrary to 11 U.S.C. § 707(b)(2)(D)(ii)(I) and 10 U.S.C. § 101(d)(1).

They also argue that since Debtor, a non-lawyer, had a "choice" not to file a Chapter 13 case, her filing was voluntary and she is bound by the results. That implies the false belief that

incompetent legal representation and payment for it cannot be questioned because debtor's filing was "voluntary."

It is clear that Debtor received no benefit from the Chapter 13 case except the stay relief available to her in Chapter 7 for which she was eligible. The unnecessary Chapter 13 case cost her thousands of dollars in payments she paid to creditors for her dischargeable debts and to the Trustee. The Debtor's original lawyers who worked on her case showed indifference to her interests, and a shabby lack of work, care, scholarship and ability in representing her. Even today, the firm as a whole, through the lawyers who filed the Response to the Movant's Petition, continue to show an amazing inability to recognize the legal errors by their lawyers coupled with a continued stubborn refusal even now to read applicable law to learn about the mistakes they made.

With our military service men and women on duty by the hundreds of thousands all over the world, often in mortal combat on behalf of our nation, it would shame our profession should lawyers not know how or care how to defend their legal interests.

## CONCLUSION

In light of the foregoing, the filing fee of $3,500, except for $250 allowed (as the equivalent of a fee to a petition preparer since that work was useful to later counsel), will be disgorged and refunded to Debtor within a short date to be ordered, and attorneys of that firm will be ordered to repay the same. Because the expenses paid gave some benefit and contributed to Debtor's ultimate discharge, those expense payments will not be disgorged.

Any possible suit or claim for legal malpractice damages is not within jurisdiction of a bankruptcy judge. Therefore, the possible damages caused to Debtor by her payments under the valueless Chapter 13 Plan are not dealt with at all by this Opinion and the resulting Order.

However, because the ability, scholarship, supervision, lawyer training, and concern for client needs has been shown to be lacking by some lawyers in Legal Helpers d/b/a "Macey Bankruptcy Law," the two heads of the firm's Chicago office will be ordered into court to explain what procedure, training, and supervisory reform has been or will now be introduced so as to prevent this type of inadequate representation in the future.

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 23rd day of December, 2011.